### WILKENS v. AMERICAN BANK OF TORREON, S. A.

(Supreme Court, Appellate Division, First Department. July 13, 1909.)

1. DISCOVERY (§ 93*)—PRODUCTION OF DOCUMENTS—EXAMINATION OF CORPORATION NOT A PARTY OF RECORD—RIGHT TO COMPLAIN THEREOF.

Where a corporation not a party of record to the action, but which was the assignor of plaintiff and was claimed to be the real party in interest, is required by an ex parte order to appear by an officer and an agent for examination on defendant's behalf and to produce documents and papers, and the corporation appears and submits to the jurisdiction, and afterwards a subsequent order is made that the same persons produce documents and submit to an examination as provided in the previous order, plaintiff is not in a position to complain on the ground that the corporation was not a party to the action and the orders were unwarranted.

[Ed. Note.—For other cases, see Discovery, Dec. Dig. § 93.*]

2. CONTEMPT (§ 23*)—FAILURE OF CORPORATION TO PRODUCE AGENT FOR EXAMINATION.

Where an order required a corporation to appear by a traveling agent for examination concerning matters at issue in an action, and provided that a copy should be served on him if he could be found, and it was not served on him, the corporation could not be deemed in contempt for not producing him.

[Ed. Note.—For other cases, see Contempt, Cent. Dig. §§ 68-70; Dec. Dig. § 23.*]

Appeal from Special Term, New York County.

Action by John Anthony Wilkens against the American Bank of Torreon, S. A. From an order directing the W. F. Burns Company to appear by its vice president and general manager, Walter F. Burns,

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

and by its agent and employé, John V. Bowes, to produce documents specified and submit to an examination as required by a previous order, and that upon default thereof defendant may have an order adjudging the company and said Burns in contempt of court, plaintiff appeals. Modified and affirmed.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, CLARKE, and HOUGHTON, JJ.

Hastings & Gleason (A. H. Gleason, of counsel), for appellant.

Briesen & Knauth (George T. Hogg, of counsel), for respondent.

CLARKE, J.  On March 24, 1909, a justice of the Supreme Court made an ex parte order requiring the plaintiff's alleged assignor, the W. F. Burns Company, to appear by Walter F. Burns, its vice president and general manager, and by John V. Bowes, its agent, for examination on behalf of defendant concerning the matters at issue in this action, and requiring the production of certain documents and papers. This order remains unmodified, unreversed, and not appealed from. It was duly served on the W. F. Burns Company, within the state, by service upon Walter F. Burns as vice president and general manager, and as the appointed representative of said company within the state upon whom process can be served. He appeared, and it was stipulated that his testimony might be taken before Frank F. Kirkpatrick with the same force and effect as if he had appeared before the justice sitting at Special Term. He failed to produce the documents and telegram or copies of the telegram called for by the order, and was asked this question:

"Q. Who does know of any telegram? A. Chicago, I think. Q. Since the service of this order on you, have you requested the Chicago office to forward you any of the documents therein mentioned? A. No, sir."

Whereupon an application was made to the court, upon which the order appealed from was granted, which recited:

"And said Burns Company having failed to produce the papers specified in said order, and said Burns Company having failed to appear by its agent and employé, John V. Bowes, as directed in said order, and the defendant having appeared * * * and made application for a direction that said W. F. Burns Company produce said papers and appear by its said agent and employé, John V. Bowes, and the plaintiff and said W. F. Burns Company having appeared in opposition to said application, * * * ordered that the W. F. Burns Company appear before the justice holding Special Term, Part 2, by its vice president and general manager, Walter F. Burns, and by its agent and employé, John V. Bowes, * * * and produce the documents specified in said order and submit to an examination as provided in said order, and that upon default the defendant may have an order ex parte adjudging said W. F. Burns Company and said Walter F. Burns in contempt of court and imposing a penalty therefor."

This appeal is taken upon the grounds that the Burns Company is not a party to the action and the orders were unwarranted; that, if the corporation could not be examined, then the order was a nullity; that the order requiring the Burns Company to produce Bowes is unauthorized; and that the order requiring the production of the papers is without authority. These objections might be quite proper on a motion to vacate the original order or on appeal therefrom. The

learned Special Term deemed that it had no power to reverse said order in this collateral proceeding, and therefore made this order in an attempt to enforce the provisions of the former order.

It is true that the W. F. Burns Company is not a party of record to the action. It was the assignor of the plaintiff, and it is claimed to be the real party in interest. The corporation having appeared and submitted to the jurisdiction, I do not see how the plaintiff is in any position to complain. So far as the provision in regard to Bowes is concerned, the original order provided that a copy be served on the corporation and Burns and on Bowes, or so many of them as could be found. It never was served on Bowes. He was a mere agent, and not an officer, of the company, and is traveling somewhere in the United States. Inasmuch as the original order provided for service upon him, which has not been had, I do not see how the company could be deemed in contempt for not producing him. As to the production of papers, subdivision 7 of section 872 of the Code of Civil Procedure expressly provides that, in case the party to be examined is a corporation, the order shall direct the examination of such officers or directors thereof whose testimony is material and necessary, and the production of such books and papers.

I think that, so long as the original order stands, it should be supported, so far as to require the production of the papers directed; but I do not think the production of the agent, Bowes, can be compelled, and, in view of the fact that he was never served with the original order as therein required, the order appealed from should be modified, by striking out the provision for his production, or any adjudication of contempt based on said nonproduction, and, as modified, affirmed, without costs to either party. All concur.

---

NOTOGRAPH MFG. CO. v. SCRUGHAM.

(Supreme Court, Appellate Division, First Department. July 13, 1909.)

PROCESS (§ 119*)—PRIVILEGES AND EXEMPTIONS.

 A nonresident, voluntarily coming into the state to defend himself against a criminal charge and appearing on the trial thereof, was not exempt from service of civil process.

 [Ed. Note.—For other cases, see Process, Cent. Dig. § 149; Dec. Dig. § 119.*]

Appeal from Trial Term, New York County.

Action by the Notograph Manufacturing Company against George R. Scrugham. From an order setting aside service of summons and complaint on defendant, plaintiff appeals. Reversed.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, CLARKE, and HOUGHTON, JJ.